Filed 5/10/22  P. v. Rodriguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE IGNACIO RODRIGUEZ,<br><br>    Defendant and Appellant. | F079599<br><br>(Super. Ct. No. VCF377336)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Tulare County.  Walter L. Gorelick, Judge.

Matthew J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Before Poochigian, Acting P. J., Smith, J. and Meehan, J.

# INTRODUCTION

On May 22, 2019, appellant Jose Ignacio Rodriguez was convicted by jury of first degree burglary (Pen. Code,[1] § 459) and resisting or delaying a peace officer (§ 148, subd. (a)(1)). The jury also found true an allegation that a person was present during the commission of the burglary. In addition, the trial court found true enhancements alleging Rodriguez had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), he had served three prior prison terms (§ 667.5, subd. (b)), and that he had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). Rodriguez was sentenced to an aggregate prison term of 14 years.

Rodriguez raises the following claims on appeal: (1) Following the enactment of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), the prior prison term enhancement (§ 667.5, subd. (b)) applied to his sentence must be stricken, and (2) the trial court prejudicially erred by instructing the jury to assume that Rodriguez understood English.

The Attorney General concedes the prior prison term enhancement (§ 667.5, subd. (b)) must be stricken, and we agree. We will therefore remand the matter back to the trial court for a full resentencing. The judgment of conviction is otherwise affirmed.

# PROCEDURAL HISTORY

On March 28, 2019, the Tulare County District Attorney filed an information charging Rodriguez with first degree burglary (§ 459, count 1) and resisting or delaying a peace officer (§ 148, subd. (a)(1), count 2). The information further alleged a strike prior (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)(1)), and three prison priors (§ 667.5, subd. (b)).

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

On May 22, 2019, following a jury trial, Rodriguez was convicted on both counts. After a bifurcated hearing, the court found true all enhancement allegations.

On July 8, 2019, the court sentenced Rodriguez to an aggregate prison term of 14 years. He received the middle term of four years for his conviction for first degree burglary (§ 459), doubled to eight years for his prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), a term of five years for his prior serious felony conviction (§ 667, subd. (a)(1)), and one year for his prior prison term (§ 667.5, subd. (b)).

On July 10, 2019, Rodriguez filed a timely notice of appeal.

## STATEMENT OF FACTS

On March 6, 2019, at approximately 11:00 p.m., before going to bed for the night, A.J. locked the doors to her home, but she did not close the dining room window. She later awoke to find a man inside of her home. The intruder, Rodriguez, told her to be quiet and not to say anything. A.J. told Rodriguez to "go away." He began searching through her kitchen and asked where the drugs were. A.J. told Rodriguez that he was in the wrong house.

He told her not to call the police or she would "see a dead person." Rodriguez was speaking in Spanish. A.J. used her husband's cell phone to call 911. Rodriguez began searching through backpacks belonging to A.J.'s children, who were home during the incident.

Police officers arrived shortly after 2:00 a.m. When they arrived, police saw Rodriguez inside of A.J.'s living room. Officer Rubalcaba with the Visalia Police Department instructed Rodriguez to exit the residence. Rodriguez was looking back at the officers through the window.

Rubalcaba was wearing his police uniform. Rodriguez turned, walked down the hallway of A.J.'s home, and out of sight.

Officers announced themselves a few times before forcing open the front door to get inside the home. When they observed Rodriguez, they told him to come toward them. Rodriguez, who was looking directly at them, walked away and proceeded down the hallway.

Officer Schiebelhut with the Visalia Police Department told Rodriguez to " 'Come out or you're going to get bit.' " After several warnings, Schielbelhut released his K-9 partner. Rodriguez went into the bathroom and tried to shut the door, but the officers and the police K-9 managed to access the bathroom. After the police K-9 bit Rodriguez's ankle, he stopped resisting and police managed to detain him.

Following his arrest, police found a pipe on Rodriguez, consistent with the type of pipe used to smoke narcotics. Rodriguez displayed signs of being under the influence of a stimulant.

## DISCUSSION

### I. Senate Bill No. 136

Rodriguez contends the prior prison term (§ 667.5, subd. (b)) enhancement applied to his sentence must be stricken following the enactment of Senate Bill No. 136. The People concede Rodriguez is entitled to relief. We agree as well and will therefore strike the section 667.5, subdivision (b) enhancement.

Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) to limit the application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final by Senate Bill No. 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342, citing *In re Estrada* (1965) 63 Cal.2d 740, 746.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement on count 1. However, none of Rodriguez's prior convictions qualify as sexually violent offenses within the meaning of Welfare and Institutions Code section 6600, subdivision (b). Rodriguez's prior prison term enhancement must therefore be stricken.

Although we have the authority to correct Rodriguez's sentence on appeal, the Attorney General contends that remand for a full resentencing is generally appropriate (see *People v. Buycks* (2018) 5 Cal.5th 857, 893 [where an appellate court strikes a portion of a sentence, remand for a full resentencing as to all counts is generally appropriate].) We agree that remand for resentencing is prudent, particularly in light of the enactment of new legislation that may impact the trial court's sentencing decisions. (See, e.g., Assembly Bill No. 518 (Stats., ch. 441, § 1), effective Jan. 1, 2022.) We will therefore remand the instant case back to the trial court for resentencing.

## II. The Trial Court's Comments Were Harmless Beyond a Reasonable Doubt

Next, Rodriguez contends the court improperly commented upon the evidence and directed a verdict as to count 2, his conviction for delaying or resisting arrest. According to Rodriguez, the trial court prejudicially erred by instructing the jury to presume that he spoke English. The Attorney General argues that Rodriguez's failure to object resulted in forfeiture of his claim on appeal, and that any presumed error is harmless beyond a reasonable doubt.

Preliminarily, we reject Rodriguez's assertion that the trial court instructed the jury to presume Rodriguez spoke English. To the extent that such an inference could potentially be drawn from the trial court's comments, we further conclude that any presumed error is harmless beyond a reasonable doubt.

### A. Background

At a pretrial hearing, defense counsel represented that Rodriguez did not need an interpreter. After the prosecutor rested her case, the court received a note from the jury asking whether Rodriguez spoke English. The court requested a bench conference. Following an off the record discussion between the court and the parties, the court made the following statements:

> "THE COURT: Now, somebody asked a question about whether the defendant speaks English. Okay. Now, nobody has testified on that subject during the trial. So that was a question that might be understandable in that situation.
>
> "But I will tell you that if somebody doesn't understand English – for example, let me just give you another example. You heard the tape recording. The person – well, give you a couple examples. On the recording the person obviously was having difficulty understanding English, so the police obtained an interpreter for the person, you know, on the recording. So you know that.
>
> "In addition, when the witness testified in court, there was an interpreter for the witness who testified here in court. And so obviously we're going to draw the conclusion from that, that, yes, if the defendant needed an interpreter, we would be required to furnish one for him. Okay. Does that – I think that pretty well answers the question. Okay."

Thereafter, the court declined to instruct the jury pursuant to CALCRIM No. 3530 [Judge's Comment on the Evidence], explaining he was "not intending to comment on the evidence." The court did however instruct the jury with portions of CALCRIM No. 3530, stating: "It's not my role to tell you what your verdict should be. Do not take

anything I said or did during the trial as an indication of what I think about the facts, the witnesses, or what your verdict should be."**2**

In closing, defense counsel argued Rodriguez may have resisted and delayed the officers, but that he did not intend to commit theft when he entered A.J.'s residence. He specifically stated:

> "Mr. Rodriguez did not intend to steal anything. He did not intend to commit any theft. I don't need to go through all that again. But the specific intent that the District Attorney's office must prove beyond a reasonable doubt is not there. He may have resisted, he may have delayed the officers, but he did not commit the burglary. Mr. Rodriguez never intended to do so."

The jury deliberated for less than one hour before finding Rodriguez guilty on both counts.

## B. Forfeiture

Rodriguez characterizes the nature of the alleged error as "uninvited instructional error." Relying upon *People v. Beltran* (1989) 210 Cal.App.3d 1295 , he contends that the error may be raised on appeal notwithstanding his failure to object below. Alternatively, for the first time in his reply brief, Rodriguez contends if this court finds his claim has been forfeited, defense counsel rendered ineffective assistance of counsel for failing to preserve his claim.

Rodriguez provides no explanation for why he raised this argument for the first time in his reply brief. In the absence of a justifiable reason for the delay, we decline to consider an argument raised for the first time in a reply brief. (*Nordstrom Com. Cases*

---

**2**     CALCRIM No. 3530 provides: "Do not take anything I said or did during the trial as an indication of what I think about the evidence, the witnesses, or what your verdict should be. [¶] Now, I will comment on the evidence only to help you decide the issues in this case. [¶] However, it is not my role to tell you what your verdict should be. You are the sole judges of the evidence and believability of witnesses. It is up to you and you alone to decide the issues in this case. You may disregard any or all of my comments about the evidence or give them whatever weight you believe is appropriate."

(2010) 186 Cal.App.4th 576, 583 ["points raised for the first time in a reply brief on appeal will not be considered, absent good cause for failure to present them earlier"].)

Finding no merit to Rodriguez's argument, we do not address the Attorney General's assertion of forfeiture.

### C. Relevant Legal Principles

Rodriguez contends the trial court's instruction was tantamount to a directed verdict. "[A] trial judge 'may not direct a verdict of guilty no matter how conclusive the evidence.' " (*People v. Figueroa* (1986) 41 Cal.3d 714, 724 (*Figueroa*), quoting *Brotherhood of Carpenters v. United States* (1947) 330 U.S. 395, 408; *In re Winship* (1970) 397 U.S. 358, 364 [due process "protects [a criminal defendant] against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"].)

"The prohibition against directed verdicts 'includes perforce situations in which the judge's instructions fall short of directing a guilty verdict but which nevertheless have the effect of so doing by eliminating other relevant considerations if the jury finds one fact to be true.' " (*Figueroa*, *supra*, Cal.3d at p. 724, quoting *United States v. Hayward* (D.C. Cir.1969) 420 F.2d 142, 144.) " '[N]o fact, not even an undisputed fact, may be determined by the judge.' " (*Figueroa,* at p. 724.)

Where instructional error of this nature has occurred, reversal is compelled unless the People can prove the error is "harmless beyond a reasonable doubt" under *Chapman v. California* (1967) 386 U.S. 18, 21. Under *Chapman*, error is harmless beyond a reasonable doubt if it "did not contribute to the verdict obtained." (*Id.* at p. 24.) " ' "To say that an error did not contribute to the verdict is ... to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." ' " (*People v. Hudson* (2006) 38 Cal.4th 1002, 1013.)

### D. Analysis

We do not agree with Rodriguez's assertion that the trial court's comments were tantamount to the modification of a jury instruction which directed a verdict. (See, e.g.,

*People v. Beltran*, *supra*, 210 Cal.App.3d at pp. 1302, 1303 [finding the trial court erred by instructing the jury that " '[a] bone fracture constitutes substantial and significant injury within the meaning of Penal Code section 12022.7' "].) Nonetheless, we will presume error from the trial court's challenged comments. It was for the jury to decide whether Rodriguez willfully resisted or delayed Schiebelhut in the performance of his duty, and Rodriguez's ability to speak and understand English could be relevant to the jury's determination. (See CALCRIM No. 2656 [resisting a police officer].)

However, in light of the strong evidence presented against Rodriguez, we are convinced that the presumed error did not contribute to the jury's verdict. "To establish a person has willfully resisted, delayed or obstructed a peace officer in the performance of the officer's duties, the People must prove: (1) the person willfully resisted, delayed, or obstructed a peace officer; (2) when the officer was engaged in the performance of his or her duties; and (3) the person knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." (*In re Charles G.* (2017) 14 Cal.App.5th 945, 956; § 148, subd. (a)(1).)

The evidence adduced at trial demonstrated that Rodriguez saw uniformed officers outside of A.J.'s residence, he was given a command, and in response, he turned away and proceeded down the hallway of the residence. Rodriguez subsequently attempted to shut the bathroom door on an advancing K-9 officer, and he was resisting the handling officer's attempt to enter the bathroom. Thus, even assuming Rodriguez did not speak or understand English, there is strong evidence supporting the conclusion that he willfully obstructed or delayed the police in the performance of their duties. (§ 148, subd. (a).)

Indeed, given the compelling nature of the evidence against Rodriguez, defense counsel conceded Rodriguez's conduct met the elements of resisting or delaying a peace officer during closing argument. Defense counsel argued: "Mr. Rodriguez did not intend to steal anything. He did not intend to commit any theft.… He may have resisted, he may have delayed the officers, but he did not commit the burglary. Mr. Rodriguez never intended to do so." Based upon defense counsel's comments in closing statements, and

9.

in light of the strong evidence presented at trial, we conclude any presumed error was unimportant in relation to the evidence the jury considered on the issue of Rodriguez's guilt on count 2.

## **DISPOSITION**

The sentence is vacated and this matter is remanded for resentencing. The trial court shall strike the enhancement imposed under section 667.5, subdivision (b). Following resentencing, the trial court shall forward a new abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.